**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oliver Reishus and Roxanne Brinker, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Efran Almaraz, a single man, d/b/a EA Trucking; Paulo Egusquiza and Jane Doe Egusquiza, individually and as husband and wife, d/b/a Best Tires Distributors,<br><br>Defendants. | No. CV-10-0760-PHX-LOA<br><br>**ORDER** |

This matter is before the Court on Plaintiffs' amended Motion for Leave to File Amended Complaint.[1] (docket # 26) Defendant has not filed a timely response. For the reasons set forth below, the Court will grant Plaintiffs' Motion.

**I. Background**

Plaintiffs commenced this action on March 1, 2010 in the Maricopa County Superior Court, State of Arizona. (docket # 1-1, Exh. A at 5-10) Plaintiffs allege Plaintiff Oliver Reishus was operating a semi-tractor trailer with his wife, Roxanne Brinker. (docket # 19 at 2) They were allegedly occupying a milk-tanker truck westbound on Interstate10 near Quartzsite, Arizona. Plaintiffs contend Defendant Efren

---

[1] Plaintiffs initial Motion was initially stricken for failing to comply with the Local Rules and prior court orders. (docket # 25)

Almaraz was traveling eastbound on Interstate 10 when his semi-truck lost both of its third axle drive tires and wheels on the left side, causing the tires and wheels to be propelled across the highway median and crash into Plaintiffs' semi-truck. (*Id.*) Plaintiffs seek compensation for their general damages for their personal injuries, lost income, medical care and expenses. (docket # 1-1, Exh. A at 9)

On April 6, 2010, Defendant Efran Almaraz removed this action to this District Court pursuant to 28 U.S.C. §§ §1441 and 1332, alleging "this Court has original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. (docket # 1 at 2) Defendant filed his Answer also on April 6, 2010, denying any negligence and that he caused Plaintiffs' injuries and damages. (docket ## 6, 19 at 2) Plaintiffs and Defendant Almaraz consented to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c). (docket ## 10, 11)

Following a May 24, 2010 Rule 16 conference, the Court issued its Scheduling Order which includes, among others, an October 1, 2010 deadline for amending pleadings. (dockets # 18 at 4) In compliance with the Scheduling Order, on June 21, 2010, Plaintiffs timely filed the pending Motion for Leave to File Amended Complaint "[f]or the reason that Defendants Efren Almaraz and d/b/a EA Trucking have filed a Notice of Non-Party at Fault Designation, naming Best Tires Distributor, an assumed name in the State of Texas of Paulo Egusquiza, as a non-party at fault." (docket # 26 at 1) Plaintiffs request leave to amend their Complaint "to add the additional Defendants, Paulo Egusquiza, individually and d/b/a Best Tires Distributors, and Jane Doe Eguisquiza." (*Id.* at 2)

**II. Leave to Amend**

Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed.R.Civ.P. 15(a). The Ninth Circuit has directed district courts to consider the presence of bad faith, undue delay, prejudice to the opposing party, and futility, "with all inferences in favor of

| | |
|---|---|
| 1 | granting the motion [to amend]." *Griggs v. Pace Am. Group, Inc*., 170 F.3d 877, 880 (9th |
| 2 | Cir. 1999); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). Once the dead- |
| 3 | line for amending pleadings established in a pretrial scheduling order passes, however, |
| 4 | Federal Rule of Civil Procedure 16, which controls the modification of a district court's |
| 5 | scheduling order, governs the amendment of pleadings. *Coleman v. Quaker Oats Co.*, 232 |
| 6 | F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, |
| 7 | 609 (9th Cir. 1991). Rule 16 provides that "[a] schedule may be modified only for good |
| 8 | cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). |

Here, the liberal amendment standard of Fed.R.Civ.P. Rule 15(a), rather than the "good cause" standard of Fed. R.Civ.16, governs the proposed amendment because Plaintiffs filed the Motion to Amend within the Scheduling Order's deadline for amending pleadings. Because Plaintiffs' request to amend their Complaint was not unduly delayed given that it was made less than one month after the Scheduling Conference was held, was filed well before the amendment deadline and because Defendant has not established that he would be unduly prejudiced by the amendment, the Court will grant Plaintiffs' amended Motion for Leave to File Amended Complaint.

In accordance with the foregoing,

**IT IS ORDERED** that Plaintiffs' amended Motion for Leave to File Amended Complaint, docket # 26, is **GRANTED**.

**IT IS FURTHER ORDERED** that, consistent with LRCiv 15.1 and within fourteen (14) days of the filing of the order granting leave to amend, Plaintiffs shall file their Amended Complaint, which they submitted as Exhibit 1 in support of their Motion to Amend, and shall promptly serve Defendant Efran Almaraz pursuant to Rule 5, Fed.R.Civ.P., and Defendants Paulo Egusquiza and Jane Doe Egusquiza pursuant to Rule 4, Fed.R.Civ.P., so as to not unduly delay this litigation.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, shall use the above caption, number and initials on all further pleadings, briefings and other filings herein: to wit: CV-10-0760-PHX-LOA

Dated this 6th day of July, 2010.

Lawrence O. Anderson
United States Magistrate Judge