**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oliver Reishus and Roxanne Brinker, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>Efran Almaraz and Alejandra Estrada, individually as husband and wife, d/b/a EA Trucking; Paulo Egusquiza and Jane Doe Egusquiza, individually and as husband and wife, d/b/a Best Tires Distributors; Eduardo Merino, a single man,<br><br>    Defendants. | No. CV-10-0760-PHX-LOA<br><br>**ORDER** |

       This case comes before the Court on Defendants Efran Almaraz' and Alejandra Estrada's (collectively "EA Trucking") Motion to Dismiss Cross-Claim of Defendant Paulo Eguisquiza d/b/a Best Tires Distributors ("Best Tires"). (Doc. 46) Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Defendant EA Trucking moves the Court to dismiss Defendant Best Tires' indemnity cross-claim against EA Trucking because it does not state a claim upon which relief may be granted.[1]

---

[1] EA Trucking also moves that Best Tires' contribution claim be dismissed "because this is not a case where defendants may be found jointly and severally liable, and contribution is only allowed in instances of joint and several liability." (Doc. 46 at 2) Best Tires' Response confirms that "it has withdrawn [the contribution] claim in its Answer to Amended Complaint and Amended Cross-Claim. Thus, only the [implied] indemnity cross-claim will be addressed in this response." (Doc. 61 at 2, n. 1)

Specifically, EA Trucking argues that Best Tires' "implied indemnity claim fails because implied indemnity depends upon the absence of active fault, and any judgment against Best Tires . . . would be dispositive of active fault on the part of Best Tires." (*Id.* at 2) Best Tires counters that EA Trucking's Motion is "premature and without merit" because "Best Tires would be entitled to indemnity if the trier-of-fact at trial found it to be passively, or secondarily, negligent [which] is a fact-based determination that cannot be made on a motion to dismiss, but can only be made at trial[.]" (Doc. 61 at 2)

After review of Best Tires' Response in opposition, doc. 61; EA Trucking's Motion and Reply, docs. 46, 65; and the relevant Arizona law, the Court concludes that EA Trucking's Motion is well-taken and will be granted.

**I. Background**

This personal injury action arises out of a motor vehicle collision on Interstate 10 in western Arizona on March 20, 2009.  It was initially filed in the Maricopa County Superior Court, State of Arizona, on March 1, 2010 and removed to this District Court on April 6, 2010. (Doc. 1)  Federal jurisdiction is predicated upon complete diversity of citizenship and an amount in controversy exceeding $75,000.00. 28 U.S.C. § 1332. All parties have expressly consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Docs. 10, 11, 43, 44, 63, 75)

Plaintiff Oliver Reishus claims he was operating a milk tanker truck westbound near Quartzsite with his wife, Roxanne Brinker, as a passenger. (Docs. 19 at 2; 29 at 2-3)  Defendant Eduardo Merino, purportedly acting in the course and scope of his employment with EA Trucking, was operating EA Trucking's semi-truck eastbound when the semi-truck lost its third axle-drive tires and wheels on the left side, causing the tires and wheels to be propelled across Interstate 10's median, crash into Plaintiffs' tanker truck, and seriously injure both Plaintiffs. (Doc. 29 at 2-3)

**II. The Allegations**

Generally, Plaintiffs' September 30, 2010 Second Amended Complaint alleges negligence claims against each Defendant. (Doc. 53)   Count I alleges that EA

1 Trucking "failed to properly maintain [its] vehicle" in violation of several Code of
2 Federal Regulations ("CFR") and the motor vehicle collision "was caused by the careless,
3 reckless, and negligent conduct of . . . EA Trucking, in the control, operation, service,
4 maintenance, repair and use of [its] semi truck." (*Id*. at 4-5)  Count II alleges similar
5 claims against Defendant Merino, the driver of EA Trucking's semi-truck. (*Id*. at 6-8)
6 Count III alleges Best Tires also "failed to properly maintain and/or repair the vehicle
7 owned by . . . EA Trucking, and driven by Defendant Merino, contrary to and in violation
8 of " several CFRs. (*Id*. at 8-9)  Plaintiffs further allege the "collision was caused by the
9 careless, reckless, and negligent conduct of . . . Best Tires Distributors, in the service,
10 maintenance, and repair of the semi truck Defendant Merino was operating."  (*Id*. at 9)

11 Defendant Best Tires answered the Second Amended Complaint and cross-
12 claimed against Defendant EA Trucking. (Doc. 60)  Best Tires' cross-claim alleges, in
13 relevant part:

> 8.  If [Best Tires] is held liable in response to Plaintiffs for damages as alleged in the Second Amended Complaint, it will be solely due to the conduct of [EA Trucking]. Therefore, [Best Tires] is entitled to be indemnified by [EA Trucking], should such liability arise.
>
> 9.  If [Best Tires] is held liable or responsible to Plaintiffs for damages, said liability will be vicarious only and said liability will be the direct and proximate result of the active and affirmative conduct on the part of [EA Trucking].
>
> 10.  [EA Trucking] actively participated in the events surrounding Plaintiffs' accident, and has an implied obligation to indemnify [Best Tires] under Arizona law.

(*Id.* at 6)

EA Trucking argues that Best Tires' cross-claim fails to state a claim for
indemnity because this is not a case where Defendants may be found jointly and severally
liable. (Doc. 46 at 2)  Relying on post-1988 Arizona law, EA Trucking points out that
"[i]mplied indemnity, or indemnity by operation of law, is available only if the liability of
the indemnitee is secondary or based on passive negligence." (*Id*. at 2-3)  Here, EA
Trucking argues, "there is no set of circumstances through which Best Tires can be

- 3 -

entitled to such indemnity from EA Trucking. If Best Tires did not negligently maintain or repair EA Trucking's trailer, there can be no judgment against Best Tires, and thus no indemnity. On the other hand, if Best Tires was negligent in the maintenance or repair of EA Trucking's trailer, such negligence can only be active, and there is no equitable basis upon which EA Trucking can be held to indemnify Best Tires for the active negligence of Best Tires." (*Id*. at 3)

Best Tires offers various factual scenarios to support its arguments that EA Trucking's Motion is premature and should not be addressed at this time.

> A jury arguably could potentially find that Best Tires negligently installed the wheels. If it does, it could also find that EA Trucking knew or should have known about the defective installation in the thousands of miles that were driven on the wheels since their installation, but did nothing to correct the problem. A jury also might conclude that Best Tires did not install the two wheels that detached from the trailer, but that it nevertheless should have discovered the existing defects in the wheels during its other work on the trailer. It is also plausible that Best Tires contributed to, but did not cause, the defect but that a later company caused the defect during subsequent work.

(Doc. 61 at 5) While one or more of these possibilities may be found by the jury, nevertheless, Best Tires would not be entitled to indemnification from EA Trucking under current Arizona law and the facts pled in the Second Amended Complaint and Best Tires' cross-claim.

**III. Legal Standard for Failure to State a Claim**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal for failure to state a claim is proper only if the pleadings fail to allege sufficient facts to establish a plausible entitlement to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).

> While a complaint [or cross-claim] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's [or cross-claimant's] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id*. (internal citations omitted). See also *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937,

- 4 -

1  1949 (2009) ("To survive a motion to dismiss, a complaint [or cross-claim] must contain
2  sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its
3  face."). Numerous federal courts have applied the pleading standards set forth in
4  *Twombley* and *Iqbal* with equal force to cross-claims, counterclaims and third party
5  complaints. *Southeastern Pennsylvania Transp. Authority v. AECOM USA, Inc.*, 2010
6  WL 4703533, * 2 (E.D.Pa. 2010) (citing, among others, *Travelers Indem. Co. v.
7  Dammann & Co., Inc.*, 594 F.3d 238, 256 n. 13 (3d Cir. 2010); *Zelasko v. Comerio*, 2009
8  WL 2192792 (S.D.Ill. 2009) (Rule 12(b)(6) applies to cross-claim for indemnity). A
9  district court must accept as true all of the factual allegations contained in a cross-claim
10 for relief and draw all reasonable inferences in favor of the nonmoving party. *Erickson v.
11 Pardus*, 551 U.S. 89, 94 (2007); *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d
12 1048, 1050 n. 2 (9th Cir. 2007).

13 **IV. Arizona Law Applies**

14            A federal court sitting in diversity applies state substantive law and federal
15 procedural law under *Erie R.R. v. Tompkins* principles. *Feldman v. Allstate Ins. Co.*, 322
16 F.3d 660, 666 (9th Cir. 2003). "The task of a federal court in a diversity action is to
17 approximate state law as closely as possible in order to make sure that the vindication of
18 the state right is without discrimination because of the federal forum." *Gee v. Tenneco,
19 Inc.*, 615 F.2d 857, 861 (9th Cir. 1980). In doing so, federal courts are bound by the
20 pronouncements of the state's highest court on applicable state law. *Davis v. Metro
21 Prods., Inc.*, 885 F.2d 515, 524 (9th Cir. 1989). "Where the state's highest court has not
22 decided an issue, the task of the federal courts is to predict how the state high court would
23 resolve it." *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir. 1986), *modified*,
24 810 F.2d 1517 (9th Cir. 1987). In assessing how a state's highest court would resolve a
25 state law question - absent controlling state authority - federal courts look to existing state
26 law without predicting potential changes in that law. *Moore v. R.G. Indus., Inc.*, 789 F.2d
27 1326, 1327 (9th Cir. 1986).

28            The issue before the Court is whether, assuming the truthfulness of the facts

1 pled, does Arizona law authorize Best Tires to properly seek indemnification from EA
2 Trucking by operation of Arizona's common law?  The Court answers the question "no."
3 The Court's conclusion that Best Tires is not entitled to indemnity from EA Trucking is
4 supported by the express language of Arizona's statutory scheme and its case law.

**V. Arizona Law on Indemnity**

      **A. Generally**

7       There appears to be four distinct types of indemnity in Arizona: (1) express
8 contractual indemnity, the extent of the duty to indemnify is determined by the contract;
9 (2) implied contractual indemnity, when there is no express indemnity provision, but one
10 is implied from the terms of a contract or when justice demands there be the right; and (3)
11 indemnity by operation of the common law when tort liability is imposed upon a joint
12 tortfeasor due only to the indemnitee's "passive" or "secondary" negligence, regardless of
13 the existence of a contract; and (4) in product's liability action, a seller of a product that
14 caused injury may obtain indemnity from the manufacturer of the product. *INA Ins. Co. v.*
15 *Valley Forge Ins. Co.*, 150 Ariz. 248, 252, 722 P.2d 975, 979 (Az.Ct.App. 1986)
16 (citations omitted); A.R.S §§ 12-681(5), 684. Arizona recognizes contractual and
17 common law indemnity claims and indemnity in product's liability actions. *Payless*
18 *Shoesource, Inc. v. Pacific Employers Ins. Co.*, 2009 WL 4439267, * 2 (D.Ariz. 2009);
19 *Heatec, Inc. v. R.W. Beckett Corp.*, 219 Ariz. 293, 197 P.3d 754 (Az.Ct.App. 2008).  See
20 also, *GM Motors Corp. v. Maritz, Inc.*, 2009 WL 1259376, * 2 (D.Ariz. 2009)).  In
21 Arizona, if there is an express indemnity provision between the parties, it binds the parties
22 and will determine the extent of the duty to indemnify. *Schweber Elecs. v. Nat'l*
23 *Semiconductor Corp.*, 174 Ariz. 406, 410, 850 P.2d 119, 123 (Az.Ct.App. 1992); *INA Ins.*
24 *Co. of N. Amer. v. Valley Forge Ins. Co.*, 722 P.2d 975, 979 (Az.Ct.App. 1986). See also,
25 *SRK Consulting, Inc. v. MMLA Psomas, Inc.*, 2009 WL 2450490 (D.Ariz. 2009).  Implied
26 contractual indemnity is controlled generally in § 76 of the Restatement (First) of
27 Restitution (1937):

28       A person who, in whole or in part, has discharged a duty which is owed by

- 6 -

> him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct.

*Payless Shoesource*, 2009 WL 4439267 at * 2. See also, *Schweber Elecs.*, 174 Ariz. at 410, 850 P.2d at 123.  "Pursuant to the Restatement and equitable principles of restitution, in the absence of an express indemnity agreement, a party has a common law right to indemnity 'when there is an implied contract for indemnity or when justice demands there be a right.'" *Id*. (quoting *INA Ins. Co.*, 150 Ariz. at 252, 722 P.2d at 979).

"Indemnity allows one who has discharged a *common* liability to seek reimbursement in full from another." *Herstam v. Deloitte & Touche, LLP*, 186 Ariz. 110, 118, 919 P.2d 1381, 1389 (Az.Ct.App. 1996) (emphasis in original) (citing W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 51, at 341 (5th ed. 1984)). "[I]ndemnity is an all or nothing proposition damage-wise, and hence should be an all or nothing proposition fault-wise." *Id*. (quoting *Transcon Lines v. Barnes*, 17 Ariz.App. 428, 435, 498 P.2d 502, 509 (Az.Ct.App. 1972).

> [B]alancing of respective degrees of fault is not a part of the doctrine of indemnity. This is what our cases mean when they state that there can be no indemnity between joint tortfeasors. Stated in the positive the cases mean simply that indemnity between tortfeasors is allowable only where the whole of the fault was in the one against whom indemnity is sought.

*Transcon Lines*, 17 Ariz.App. at 435, 498 P.2d at 509.  Indemnity's "purpose is neither to apportion damages nor to balance relative degrees of fault, *id*., but 'to give full restitution to one who pays damages but is without personal fault.'" *Herstam*, 186 Ariz. at 118, 919 P.2d at 1389 (citing *Transcon Lines*).  "It permits one defendant to shift the entire loss to one who more justly deserves it." *Id*. (citing Keeton et al., *supra*, § 51, at 344).

### B. Indemnity in Personal Injury Cases

"In 1984, the Arizona legislature adopted a version of the Uniform Contribution Among Tortfeasors Act ["UCATA"], A.R.S. § 12-2501 *et seq*., which retained a comparative negligence scheme and recognized a right of contribution for a joint tort-

- 7 -

1 feasor who paid more than his pro rata share of the common liability for the same injury."
2 *Cella Barr Assocs. v. Cohen*, 177 Ariz. 480, 483, 868 P.2d 1063, 1066 (Az.Ct. App.
3 1994) (citations omitted). "In 1987, however, joint and several liability was almost
4 completely abolished." *PAM Transport v. Freightliner Corp.*, 182 Ariz. 132, 133, 893
5 P.2d 1295, 1296 (Ariz. 1995) (citing A.R.S. § 12-2506(A)). Effective January 1, 1988,
6 the Arizona legislature enacted a new statute which "provided that a defendant in a
7 personal-injury action 'is liable only for the amount of damages allocated to that
8 defendant in direct proportion to that defendant's percentage of fault.'" *Cella Barr*
9 *Assocs.*, 177 Ariz. at 483-84, 868 P.2d at 1066-677 (quoting A.R.S. § 12-2506). "Thus,
10 for lawsuits filed after January 1, 1988, a defendant's liability is several only, unless a
11 statutory exception applies." *Id.* (citing, among others, *Dietz v. General Electric Com-*
12 *pany*, 169 Ariz. 506-508, 821 P.2d 166-169 (Ariz. 1991)). The result is different,
13 however, in those limited situations in which joint liability survives. *PAM Transport*, 182
14 Ariz. at 133, 893 P.2d at 1296 (quoting A.R.S. § 12-2506 (D) (specifying circumstances
15 in which joint and several liability remain)).

16 Since 1988, very few Arizona cases have discussed the issue of indemnity
17 in the context of tort litigation.[2] Without the authority to overrule the 1957 landmark
18 Arizona Supreme Court decision in *Busy Bee Buffet Inc. v. Ferrell*, 82 Ariz. 192, 310
19 P.2d 817 (Ariz. 1957), the Arizona Court of Appeals in *Herstam* noted that "[t]he
20 continued viability of the notion relied upon by the nonsettling [defendants] that an

---

[2] Best Tires' reliance on *Shea v. Superior Court of Maricopa County*, 150 Ariz. 271, 723 P.2d 89 (Ariz. 1986) is misplaced. In this personal injury action, Defendant APS sought indemnity from Shea *prior* to UCATA's effective date, August 31, 1984. The Arizona Supreme Court rejected APS' passive negligence *Busy Bee* claim from a "party which knowingly and negligently maintained a dangerous condition . . . from a party who negligently permitted the victim to come into contact with the danger." 150 Ariz. at 273, 723 P.2d at 91. "[A]dmittedly, APS' conduct may properly be characterized as an omission, but we do not agree that every omission is 'passive' negligence. The *Busy Bee* doctrine does not permit comparison of fault, and forbids indemnity even if the party seeking indemnity is less negligent than the indemnitor." *Id*. Best Tires' argument in post-UCATA Arizona carries even less weight.

- 8 -

1  actively negligent tortfeasor must indemnify a passively negligent joint tortfeasor is very
2  much in doubt." 186 Ariz. at 118, 919 P.2d at 1389.  "Although *Busy Bee* . . . is cited for
3  this proposition, subsequent interpretations of that case insist that the one seeking
4  indemnity not be personally at fault in any way. [quoting *Transcon*, 17 Ariz. App. at 431,
5  498 P.2d at 505] . . . *Busy Bee* does not mean that a less negligent joint tortfeasor can be
6  indemnified by one whose negligence was greater; rather, when the indemnitee, solely
7  through the negligence of the indemnitor, breaches his duty to . . . invitees, indemnity is
8  available.)." *Id*. (citing *Pinal County v. Adams*, 13 Ariz.App. 571, 573-74, 479 P.2d 718,
9  720-21 (Az.Ct.Ap. 1971) (internal quotation marks omitted)). Significantly, for the issue
10 *sub judice*, the *Herstam* court stated:

> [S]everally-liable nonsettling [defendants] who will not have to pay for damages beyond each one's own percentage of fault also will not have a basis for claiming indemnity from the settling parties. Keeton et al., § 51 at 344 (comparative fault principles have caused modification of the law of indemnity). Further, if a nonsettling party is innocent of all fault, that party pays nothing and does not need indemnification. See *Transcon*, 17 Ariz.App. at 437, 498 P.2d at 511.

*Id*.  Mindful of the Arizona law on indemnity, the Court will explain its ruling.

**VI. Discussion**

First, there is no allegation or suggestion in the record that a contract existed between Best Tires and EA Trucking at the time this 2009 motor vehicle collision occurred. Thus, a claim for either express or implied contractual indemnity is not available to Best Tires in this action. Second, this is not a product's liability action in which Arizona law would permit a seller of a defective product that caused injury to obtain indemnity from the manufacturer of the product. A.R.S §§ 12-681(5), 684; *Heatec, Inc. v. R.W. Beckett Corp*., 219 Ariz. 293, 197 P.3d 754 (Az.Ct.App. 2008). Third, neither the Second Amended Complaint nor Best Tires' cross-claim allege that Best Tires and EA Trucking were "acting in concert," EA Trucking "was acting as an agent or servant" of Best Tires, or Best Tires' "liability for the fault of [EA Trucking] arises out of a duty created by the federal employers' liability act, 45 United States Code § 51." A.R.S. § 12-

2506 (D).[3]  Therefore, none of the statutory exceptions in which joint and several liability is still permitted in Arizona applies in this case.

Aside from Best Tires' factually defective cross-claim which fails to allege sufficient facts to satisfy *Twombly*'s and *Iqbal*'s plausibility standard,[4] the *Busy Bee* indemnification doctrine can not apply to Best Tires, even assuming the truthfulness of all facts pled in the Second Amended Complaint and Best Tires' cross-claim.  Simply stated, if Best Tires is not found at fault by a jury in the trial of this action, the issue of indemnity is moot.  If Best Tires and EA Trucking are each found partially at fault, these severally-liable Defendants will not have to pay for damages beyond each one's own percentage of fault. A.R.S. 12-2506(A) ("In an action for personal injury . . . the liability of each defendant for damages is several only and is not joint, except as otherwise provided in this section. Each defendant is liable only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be entered against the defendant for that amount . . . .").  Best Tires has no

---

[3] A.R.S. § 12-2506 (D) provides the three exceptions to several liability in Arizona:

> D. The liability of each defendant is several only and is not joint, except that a party is responsible for the fault of another person, or for payment of the proportionate share of another person, if any of the following applies:
>
> 1. Both the party and the other person were acting in concert.
>
> 2. The other person was acting as an agent or servant of the party.
>
> 3. The party's liability for the fault of another person arises out of a duty created by the federal employers' liability act, 45 United States Code § 51.

A.R.S. § 12-2506 (D).

[4] "'A claim has facial plausibility,' the Court explained, 'when the [cross-claimant] pleads factual content that allows the court to draw the reasonable inference that the [indemnitor] is liable for the misconduct alleged.'" *Moss v. U.S. Secret Service*, 572 F.3d. 962, 969 (quoting *Iqbal*, 129 S. Ct. at 1949).

- 10 -

1 legal or factual basis for claiming indemnity from EA Trucking. "One seeking indemnity
2 'must be proven free from negligence . . . .'" *Herstam*, 186 Ariz. at 118, 919 P.2d at 1389
3 (quoting *INA Ins. Co. of N. Amer.*, 150 Ariz. at 252, 722 P.2d at 979). For these same
4 reasons, if Best Tires is found 100% at fault for Plaintiffs' injuries, Best Tires also has no
5 basis for claiming indemnity from EA Trucking.

## VII. Conclusion

If a district court finds that a complaint or cross-claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (*en banc*); *Halle Properties, L.L.C. v. Bassett*, 2007 WL 2344931, * 8-9 (C.D.Cal. 2007) (cross-claim dismissed with prejudice). Leave to amend, however, may be denied where "the allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). See also *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988) ("[I]f a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied . . . if amendment of the complaint would be futile."). Because amendment of Best Tires' cross-claim for indemnity would be futile to state a claim for indemnity under Arizona law, the dismissal herein will be with prejudice.

Accordingly,

**IT IS ORDERED** that Defendant EA Trucking's Motion to Dismiss Cross-Claim of Defendant Best Tires, doc. 46, is **GRANTED** and hereby dismissing Best Tires' cross-claim for indemnity with prejudice.

**IT IS FURTHER ORDERED** that all counsel shall use the above single caption on all future filings until further order of the Court.

Dated this 6th day of January, 2011.

Lawrence O. Anderson
United States Magistrate Judge