**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oliver Reishus and Roxanne Brinker, husband and wife,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Efran Almaraz and Alejandra Estrada, individually as husband and wife, d/b/a EA Trucking; Paulo Egusquiza and Jane Doe Egusquiza, individually and as husband and wife, d/b/a Best Tires Distributors; Eduardo Merino, a single man,<br><br>　　　　　Defendants. | No. CV-10-0760-PHX-LOA<br><br>**ORDER** |

　　　　　This matter arises on Plaintiffs' Amended Motion to Compel Defendant Eduardo Merino to Appear for Deposition. (Doc. 84)  Plaintiffs' Amended Motion to Compel complies with LRCiv 7.2(j), Rules of Practice, and Rule 37(a)(1), Fed.R.Civ.P. Plaintiffs request an order compelling counsel for Defendant Merino to produce their client for his deposition within the next thirty days in the Phoenix area and that the Court extend Plaintiffs' deadline for disclosing expert witness testimony until forty-five (45) days after Defendant Merino's deposition is taken. For the reasons set forth below, the Court will grant in part and deny in part without prejudice Plaintiffs' Amended Motion to Compel.

**I. Background**

　　　　　Counsel are familiar with the facts and allegations in this personal injury,

diversity action arising out of a motor vehicle collision on Interstate 10 in western Arizona on March 20, 2009. The Court will set forth only those facts relevant to the pending discovery dispute.

Plaintiff Oliver Reishus was operating a milk tanker truck westbound near Quartzsite with his wife, Roxanne Brinker, as a passenger. (Docs. 19 at 2; 29 at 2-3) Defendant Eduardo Merino, purportedly acting in the course and scope of his employment with EA Trucking, was operating EA Trucking's semi-truck eastbound when the semi-truck lost its third axle-drive tires and wheels on the left side, causing the tires and wheels to be propelled across Interstate 10's median, crash into Plaintiffs' tanker truck, and seriously injure both Plaintiffs. (Doc. 29 at 2-3)

The Second Amended Complaint was filed on September 30, 2010. (Doc. 53) According to Plaintiffs, Defendant Merino, the driver of EA Trucking's semi-truck, was purportedly served through his employer's statutory agent on October 18, 2010. The Second Amended Complaint alleges, among others, that "[u]pon information and belief, Defendant Eduardo Merino is a resident of the State of Texas and caused an event to occur in the State of Arizona out of which this lawsuit arises." (Id., ¶ 4 at 2)  Defendant Merino filed his Answer on November 17, 2010, by and through the same attorneys representing Defendants Almaraz and EA Trucking. (Doc. 68)  "Answering Paragraph 4 of Plaintiffs' Second Amended Complaint, Defendant [Merino] admits residency and citizenship, but denies the remaining allegations contained therein." (Id., ¶ 2 at 2) Defendant Merino's Answer alleges numerous affirmative defenses, including "[u]pon information and belief, lack of personal jurisdiction, insufficiency of process, [and] insufficiency of services of process . . . ." (*Id.* at 3)  It is unknown to the Court whether defense counsel has ever had direct contact with Mr. Merino and, if so, how much.

At the recent Rule 16 scheduling conference, the Court found good cause to extend Plaintiffs' deadline to disclose expert opinions to March 31, 2011, Defendants' deadline to disclose expert opinions to April 29, 2011, and Plaintiffs' deadline to disclose rebuttal expert opinions to May 31, 2011. Discovery ends on August 1, 2011.

1         Plaintiffs' counsel contends he has repeatedly requested dates from defense
2 counsel via email, written correspondence, and numerous phone calls to arrange an
3 agreeable date to depose Defendant Merino. (Doc. 84 at 4)  Without any success, on
4 January 12, 2011, Plaintiffs filed an Amended Motion to compel counsel for Defendant
5 Merino to produce his client, Eduardo Merino, to appear for a deposition. (Doc. 84)
6 Plaintiffs' counsel argues that "Defendant Merino's testimony is necessary so that
7 Plaintiffs' expert witness can complete his investigation and formulate his opinions." (*Id.*
8 at 4)  Plaintiffs request an order compelling counsel for Defendant Merino to produce
9 their client for his deposition to be taken within the next thirty (30) days in the Phoenix
10 area.

11         Defendant Merino's Corrected Response to Motion to Compel "urges the
12 Court to deny the motion for the simple reason that [defense] counsel has been unable to
13 locate the client in order to schedule the deposition." (Doc. 89 at 1)  Defense counsel
14 explains that Defendant Merino qualifies as an insured under Defendants Almaraz' and
15 EA Trucking's liability insurance policy.  "Because of this, and pursuant to the nature of
16 the tripartite relationship between the insurer, insured, and counsel, [defense] counsel
17 entered an appearance and answered on behalf of Defendant Merino. This was necessary
18 in order to avoid a default." (*Id.* at 2)  Defense counsel indicates that "despite best efforts
19 including the hiring of a private investigator and contacts with family members[,]" Mr.
20 Merino has not been located. (*Id.*)  The affidavit of attorney Marc Windtberg, attached to
21 defense counsel's Corrected Response to Motion to Compel, details the good faith efforts
22 defense counsel and their private investigator have exercised to locate their client, con-
23 cluding that defense counsels' "[p]rivate investigator has advised that she is at a 'dead
24 end' in her attempts to locate Defendant Merino." (*Id.* at 12)

25 **II. Taking a Party's Deposition**

26         "A party to a lawsuit may take the deposition of any other party without
27 leave of court." *Prejean v. Lynwood Unified School Dist.*, 2008 WL 5115246, * 1 (C.D.
28 Cal. 2008) (citing Fed.R.Civ.P. 30(a)(1)).  Rule 30(b)(1) provides: "[a] party who wants

to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. . . ." Federal Rule of Civil Procedure 37(a)(1) provides that a party may move for an order compelling the attendance of a party at a deposition upon notice to the other parties. Rule 37(b)(2) discusses the ramifications of failing to comply with a discovery order and delineates a wide array of sanctions which may be imposed for such failure, including, *inter alia*, an order prohibiting the disobedient party from introducing designated matters into evidence, an order striking out pleadings, and an order holding the recalcitrant party in contempt. A district court has broad discretion to order one or more "just" sanctions as provided for in Rule 37, and thus, can tailor the imposition of sanctions to the facts of a particular case. Fed.R.Civ.P. 37(b)(2). A district court, however, must grant sanctions if a party brings a motion to compel over the location of a party's deposition unless the opposing party's position was substantially justified, or an award would be unjust. Rule 37(a)(5)(A)(i)-(iii); *Douglas v. Shasta County*, 2010 WL 760643, * 4 (E.D.Cal. 2010); *Pioneer Drive, LLC v. Nissan Diesel America, Inc*., 262 F.R.D. 552, 559 (D.Mont. 2009) (Rule 37(d)(1)(i) authorizes a district court to impose sanctions if a party fails to attend its own deposition.).

        Where it is determined that counsel or a party has acted willfully or in bad faith in failing to comply with the rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders, it is within the discretion of the district court to dismiss the action, render judgment by default against the party responsible for noncompliance, enter an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibit the disobedient party from introducing designated matters in evidence. Fed.R.Civ.P. 37(b).  Additionally, a district court may enter a default judgment as a sanction when a party's discovery violations are due to the "willfulness, bad faith, or fault" of the party, *and* where lesser sanctions are considered by the Court to be inadequate. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994) (citation omitted); *United Artists Corp. v. La Cage Aux Folles, Inc*., 771

1  F.2d 1265, 1270-71 (9th Cir. 1985) (dismissal for noncompliance with a discovery
2  request is warranted where the litigant "has not shown that he had advised his counsel of
3  his whereabouts so that he could be reached on reasonable notice."). "Disobedient
4  conduct not shown to be outside the control of the litigant is sufficient to demonstrate
5  willfulness, bad faith, or fault." *Hyde & Drath*, 24 F.3d at 1166.
6        The Federal Rules of Civil Procedure do not specify the location where
7  depositions should occur. Generally, "[a] party may unilaterally choose the place for
8  deposing an opposing party, subject to the granting of a protective order by the Court
9  pursuant to Rule 26(c)(2), Fed.R.Civ.P., designating a different place." *Cadent, Ltd. v. 3M*
10 *Unitek Corp.*, 232 F.R.D. 625, 627 n. 1 (C.D.Cal. 2005) (quoting *Turner v. Prudential*
11 *Ins. Co. of America*, 119 F.R.D. 381, 382 (M.D.N.C.1988) (citing 8 C. Wright & A.
12 Miller, *Federal Practice and Procedure*, § 2112 at 403 (1970)). "Courts presume that a
13 defendant's deposition will proceed at his place of residence, business or employment."
14 *Willis v. Mullins*, 2006 WL 302343, * 5-6 (E.D.Cal. 2006) (citing *Grey v. Continental*
15 *Marketing Assocs.*, 315 F.Supp. 826, 832 (N.D. Ga.1970) and setting forth seven factors
16 which a district court may consider in determining the appropriate place for a party's
17 deposition).

18 **III. Discussion**

19       Except for citing Rule 37 and contrary to LRCiv 7.2(b), Plaintiffs provide
20 no citations or authorities that the Court must order defense counsel, rather than his client,
21 to produce Mr. Merino for his deposition, especially when defense counsel represents he
22 does not know Mr. Merino's whereabouts.  There is no evidence that defense counsels'
23 representations in their Corrected Response and affidavit are false,  presented in bad faith,
24 or that defense counsel are deliberately denying or delaying Plaintiffs access to Mr.
25 Merino.[1]  In fact, Mr. Merino may not even be aware he has been sued because this action

---

27       [1] Defendants' Corrected Response raises the issue with the Court whether complete
28 diversity exists in this case with the addition of Mr. Merino as a party notwithstanding the

- 5 -

was initially filed in the Maricopa County Superior Court, State of Arizona, on March 1, 2010, almost one year after the motor vehicle accident, and Mr. Merino was not named as an original defendant. Also, it appears that neither Plaintiffs nor their counsel know where Mr. Merino lives and works; otherwise, counsel is obligated, as an officer of the court with a duty of candor, to promptly provide this information to the Court and adverse counsel.

Discovery does not end in this case for over five months. Perhaps, Mr. Merino will surface or one of the parties or their investigator will find where he lives or works. Moreover, it is premature for the Court to determine what sanction or consequence to impose to ensure a fair trial and prevent unfair surprise to Plaintiffs at that trial. Absent a material change in circumstances, the issue of sanctions for Defendant Merino's failure to submit to a timely deposition may be raised by one or more of the parties at, or shortly before, the final pretrial conference.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Amended Motion to Compel Defendant Eduardo Merino to Appear for Deposition, doc. 84, is **GRANTED** in part and **DENIED** in part without prejudice as set forth herein.

**IT IS FURTHER ORDERED** that, upon reasonable notice to him and all counsel, Defendant Eduardo Merino shall promptly appear for his deposition to be conducted at a time and location consistent with this order.

**IT IS FURTHER ORDERED** imposing a continuing order on Defendants Almaraz, EA Trucking, their non-party liability insurance, and defense counsel to exercise due diligence and good faith efforts to locate Eduardo Merino and file a status report **on Friday, April 1, 2011** with the Court and all parties, providing the details of

---

allegations in the Second Amended Complaint and Defendant Merino's Answer. See, 28 U.S.C. § 1447(c) ("[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . ."). The parties may anticipate a subsequent order in this regard.

1 their efforts to determine Eduardo Merino's whereabouts, the non-privileged information
2 discovered in that regards, his willingness to cooperate with Plaintiffs' discovery efforts
3 and comply with this order. All other requested relief is denied without prejudice.

Dated this 23rd day of February, 2011.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge