**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oliver Reishus and Roxanne Brinker, husband and wife,<br><br>          Plaintiffs,<br><br>vs.<br><br>Efran Almaraz and Alejandra Estrada, individually as husband and wife, d/b/a EA Trucking; Paulo Egusquiza and Jane Doe Egusquiza, individually and as husband and wife, d/b/a Best Tires Distributors; Eduardo Merino, a single man,<br><br>          Defendants. | No. CV-10-0760-PHX-LOA<br><br>**ORDER AND**<br>**ORDER TO SHOW CAUSE** |

This matter is before the Court on the parties' Joint Motion to Quash Service of Process Upon Defendant Eduardo Merino and Request for Order Regarding Testimony of Eduardo Merino. (Doc. 97)

Plaintiffs attempted to serve Eduardo Merino through Truck Process Agents of America ("TPAA"). TPAA accepted service of the Amended Complaint and Summons, which named Mr. Merino as a defendant. In the pending joint motion, the parties agree that TPAA did not have authority to accept service on behalf of Mr. Merino, and that service on TPAA was insufficient to effect lawful service upon Mr. Merino. (Doc. 97) In view of the parties' agreement that service on Eduardo Merino was insufficient, the Court will grant the joint motion to quash service of process upon him.

**A. Improper Service**

When a plaintiff fails to serve a defendant in accordance with Federal Rule of Civil Procedure 4, and does not show good cause for such failure, the district court "on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Rule 4, Fed.R.Civ.P.; *Stanley v. Goodwin*, 475 F.Supp.2d 1026, 1034-35 (D.Haw. 2006), aff'd, 262 F. App'x 786 (9th Cir. 2007). "[B]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Rule 4, Fed. R.Civ.P. "District courts have broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). Rule 4(m) "*requires* a district court to grant an extension of time when the plaintiff shows good cause for the delay," but it " *permits* the district court to grant an extension even in the absence of good cause." *Id.* at 1040 (emphases in original). "In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Id*. at 1041 (quoting *Troxell v. Fedders of N. Am., Inc*., 160 F.3d 381, 383 (7th Cir. 1998)).

Because Mr. Merino has not been properly served within 120 days of the filing of the Second Amended Complaint on September 30, 2010, doc. 53, which added him as a party, the Court will order Plaintiffs to properly serve Mr. Merino with process on or before March 31, 2011, or Plaintiffs shall show cause on or before the same date why Mr. Merino should not be dismissed from this lawsuit. Absent timely notice to the Court of lawful service or a showing of good cause, Mr. Merino will be dismissed with prejudice as a party to this lawsuit. Dismissal of Mr. Merino from this lawsuit would remove any doubt that this District Court may not have complete diversity and subject matter jurisdiction over this case.

The parties also request that the Court enter an order regarding the use of Mr. Merino's testimony at trial and expert disclosures relating to Mr. Merino's testimony. The parties' representations during the Rule 16 conference and prior filings indicate that

1 they have been unable to locate Mr. Merino. (doc. 99 discussing efforts to locate Mr.
2 Merino) Because Mr. Merino's whereabouts are currently unknown, the Court finds it
3 premature to enter any orders regarding the use of his testimony or related matters. The
4 deadlines set forth in the Scheduling Order, as amended on February 2, 2011, are firm and
5 binding. (docs. 18, 91) However, the Court would consider motions to modify relevant
6 deadlines[1] or enter appropriate orders pertaining to Mr. Merino's testimony in the event
7 he is located through the exercise of due diligence and in the absence of evidence of bad
8 faith.

9 Accordingly,

10 **IT IS ORDERED** that the Joint Motion to Quash Service of Process Upon
11 Defendant Eduardo Merino, doc. 97, is **GRANTED**.

12 **IT IS FURTHER ORDERED** that the Joint Request for Order Regarding
13 Testimony of Eduardo Merino, doc. 97, is **DENIED** without prejudice.

14 **IT IS FURTHER ORDERED** that the Court's February 23, 2011 Order, doc. 99,
15 is **VACATED** to the extent that it directed Defendants Almaraz, EA Trucking, their non-
16 party liability insurance, and defense counsel to file a status report "providing the details
17 of their efforts to determine Eduardo Merino's whereabouts, the non-privileged informa-
18 tion discovered in that regards, his willingness to cooperate with Plaintiffs' discovery
19 efforts and comply with this order." (Doc. 99)

20 **IT IS FURTHER ORDERED** that Plaintiffs shall properly serve Mr. Merino
21 with process on or before **Thursday, March 31, 2011** or Plaintiffs shall show cause on or
22 before **Thursday, March 31, 2011** why Mr. Merino should not be dismissed from this
23 lawsuit. Absent timely notice to the Court of proper service or a showing of good cause

---

[1] Motions to extend deadlines must comply with Federal Rule of Civil Procedure 6(b).

- 3 -

1  before the March 31, 2011, Mr. Merino will be dismissed as a party to this lawsuit with
2  prejudice.
3        Dated this 25th day of February, 2011.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge

- 4 -