1   **WO**

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Oliver Reishaus and Roxanne Brinker, as)   No. CV-10-760-PHX-LOA
    husband and wife                       )
10                                          )   **ORDER**
                     Plaintiffs,            )
11                                          )
    vs.                                     )
12                                          )
                                            )
13  Efren  Almaraz  and  Alejandra  Estrada,)
    individually  and  as  husband  and  wife,)
14  d/b/a EA Trucking; et al,               )
                                            )
15                   Defendants.            )
                                            )
16  _____)

17          This matter is before the Court on Plaintiffs' Motion's for Alternative Service

18  of Process. (Doc. 103)   Defendants Efren Almaraz, Alejandra Estrada, and EA Trucking

19  have filed a response. (Doc. 107)   Plaintiffs have not replied and the time to do so has

20  passed. For the reasons set forth below, the Court will deny Plaintiffs' Motion.

21  **I.  Background**

22          Plaintiffs request the Court order that service of process on Charles Onofry,

23  counsel for Defendants Almaraz, Estrada, and EA Trucking, be considered personal service

24  on Defendant Eduardo Merino.   Alternatively, Plaintiffs seek an order authorizing service

25  by publication.

26  **II.  Alternative Service**

27          In the pending motion, Plaintiffs request an order pursuant to Fed.R.Civ.P.

28  4(e)(1) and Arizona Rule of Civil Procedure 4.1(m) permitting service of the Second

1   Amended Complaint and Summons by alternative means.

2       Federal Rule of Civil Procedure 4(e)(1) provides, in relevant part that,

3   "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial

4   district of the United States by: (1) following state law for serving a summons in an action

5   brought in courts of general jurisdiction in the state where the district court is located or

6   where service is made . . . ."  Fed.R.Civ.P. 4(e)(1).  When personal service has become

7   impracticable, Arizona Rule of Civil Procedure 4.1(m) provides for service by alternative

8   means.

9       Specifically, Arizona Rule of Civil Procedure 4.1(m) provides:

10      **Alternative or Substituted Service.**  If service by one of the
        means set forth in the preceding paragraphs of this rule 4.1 proves
11      impracticable, then service may be accomplished in such manner,
        *other than by publication*, as the court, upon motion and without
12      notice may direct.  Whenever the court allows an alternate or
        substitute form of service pursuant to this subpart, reasonable efforts
13      shall be undertaken by the party making service to assure that actual
        notice of the commencement of the action is provided to the person
14      to be served and, in any event, the summons and the pleading to be
        served, as well as any order of the court authorizing an alternative
15      method of service, shall be mailed to the last known business or
        residence address of the person to be served . . . .
16
Ariz.R.Civ.P. 4.1(m) (emphasis added).
17
18      In support of their motion, Plaintiffs state that the Second Amended

19  Complaint was filed on September 30, 2010, and despite "subsequent diligent efforts,"

20  Defendant Merino has not been located for personal service.  (Doc. 103 at 3)   Plaintiffs

21  argue that "[c]ounsel for Defendants Alamaraz and EA trucking is in a better position to

22  locate Defendant Merino than Plaintiffs" because "Merino has worked for Defendant EA

23  Trucking as an independent contract driver on several occasions and, therefore, EA Trucking

24  should have contact information for Mr. Merino." (*Id*. at 4)  In the pending Motion, the only

25  action Plaintiffs' counsel states he has taken to locate Eduardo Merino for personal service

26  is conferring with "counsel for Defendant Merino" by telephone a total of six times between

27  November 11 and December 27, 2010 in an effort to schedule Defendant Merino's

28  deposition. (Doc. 103-1, Affidavit of Craig J. Simon)  Additionally, on February 14, 2011,

1   a process server submitted a "Request for Change of Address for Boxholder Information

2   Needed for Service of Legal Process" to the Postmaster of Desert Hot Springs, California

3   92240. (Doc. 103-2)  On February 18, 2011, the Desert Hot Springs Post Office checked

4   a box on the form indicating that "13900 Ocotillo Rd. # 13" was "good as addressed, no

5   change of address order on file." (*Id.*) Thereafter, as evidenced by a "Certificate of Due

6   Diligence," a process server attempted to personally serve Eduardo Merino on March 2, 3,

7   and 4, 2011 at the following address; 13900 Octotillo Rd., Units A & B, Desert Hot Springs,

8   CA 92240. The designation "# 13" is crossed out on the certificate.  (*Id.*)  The process

9   server's "Certificate of Due Diligence" indicates that service was not completed because

10  Eduardo had "moved" and his "forwarding [address was] not known by both units." (*Id.*)

11

12          Plaintiffs now seek an order directing Charles Onofry, counsel for Defendants

13  Almaraz, Estrada, and EA Trucking, to accept service for Eduardo Merino.  Defendants

14  Almaraz, Estrada, and EA Trucking (collectively referred to as "Defendants") oppose

15  Plaintiffs' request to authorize service on Mr. Merino through Mr. Onofry. Defendants assert

16  that Mr. Onofry and the law firm of Schneider & Onofry, P.C., have been unable to locate

17  Eduardo Merino and has had no contact with him.  Defendants have communicated that

18  information to Plaintiffs and advised that they have "no reason to think that Defendant

19  Merino is actually aware of the lawsuit."  (Doc. 88 at 3) There is no attorney-client

20  relationship between Mr. Onofry and Mr. Merino.  (Docs. 97, 100, 107)  Mr. Onofry

21  indicates that, even if Mr. Merino is served, it is unlikely that he will represent him. (Doc.

22  107 at 2)

23          Because Mr. Onofry has neither located nor communicated with Mr. Merino

24  and has no attorney-client relationship with him, the Court finds that service upon Mr.

25  Onofry is not reasonably calculated to provide Mr. Merino with actual notice of this lawsuit.

26  "Service of process must comply with both constitutional and statutory requirements.

27  Constitutional due process requires that service of process be reasonably calculated to

28  provide actual notice." *R. Griggs Group Ltd. v. Filanto Spa*, 920 F.Supp. 1100, 1103

1  (D.Nev. 1996) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314

2  (1950)). "Due process requires that all interested parties be given notice reasonably

3  calculated to apprise them of the pendency of the action and be afforded opportunity to

4  present their objections before a final judgment is rendered." *First Horizon Home Loan*

5  *Corp. v. Phillips*, 2008 WL 906698, * 7 (D.Ariz., March 31, 2008) (quoting *Philip Morris*

6  *USA*, 219 F.R.D. 494, 500-01 (C.D.Cal. 2003) (citing *Mullane*, 339 U.S. at 314)).

7  Accordingly, the Court will deny Plaintiffs' request to order that service of process upon Mr.

8  Onofry be considered personal service on Mr. Merino.

9          Plaintiffs alternatively request that the Court authorize service by publication.

10  Plaintiffs, however, provide no support for that request.  As Plaintiffs note, Arizona Rule of

11  Civil Procedure 4.1(m) provides for alternative service by means "other than by

12  publication." Thus, Rule 4.1(m) does not support Plaintiffs' request for service by

13  publication. Rather, Arizona Rule of Civil Procedure 4.1(n) governs service on an individual

14  by publication.  Plaintiffs neither cite, nor discuss the requirements of, Rule 4.1(n).  Arizona

15  Rule of Civil Procedure 4.1(n) provides that service by publication may be permitted

16  "[w]here the person to be served is one whose residence is unknown to the party seeking

17  service but whose last known address was *within the state*, or has avoided service of process,

18  and service by publication is the best means practicable under the circumstances for

19  providing notice of the institution of the action." Arizona Rule of Civil Procedure 4.1(n)

20  (emphasis added). "The decision whether to pursue personal service or service by

21  publication is that of the plaintiff, not the court. Ariz. R. Civ. P. 4.1(n).  Because the court

22  does not preauthorize service by publication, the determination whether publication

23  constitutes adequate service is made later in the case." *Ritchie v. Salvatore Gatto Partners*,

24  223 Ariz. 304, 307 n. 4, 222 P.3d 920, 923 n. 4 (Az.Ct.App. 2010) (citing *Roberts v. Robert*,

25  215 Ariz. 176, 181, 158 P.3d 899, 904 (Az.Ct.App. 2007)).  Accordingly, the Court will

26  deny Plaintiffs' motion for authorization of service by publication.

27          On the existing record, it also appears that service by publication might be

28  insufficient.  In this case, the exhibit attached to Plaintiffs' motion for alternative service

1  indicates that Defendant Merino's last known address was in Desert Hot Springs, California.

2  (Doc. 103-1, 103-2)  Thus, Plaintiffs may be unable to satisfy the requirements of Rule

3  4.1(n) because Mr. Merino's last known address was not in Arizona, and there is currently

4  no evidence that he has avoided service of process.  Arizona Rule of Civil Procedure 4.1(n).

5  Finally, on February 28, 2011, the Court directed Plaintiffs to either serve Mr.

6  Merino or show cause on or before March 31, 2011 why Defendant Merino should be not

7  dismissed for failure to serve pursuant to Fed.R.Civ.P. 4(m). (Doc. 100)  Apparently,

8  Plaintiffs filed the motion for alternative service in lieu of responding to the show cause

9  order.  To date, Plaintiffs have not served Defendant Merino and have not responded to the

10  show cause order.  Although the Court is uncertain how to interpret Plaintiffs' recent silence

11  on the service issue, Plaintiffs may have simply been awaiting the Court's ruling on their

12  request for alternative service. As stated above, the Court is denying that request.  However,

13  the Court will permit Plaintiffs a final opportunity to serve Defendant Merino as set forth

14  below.

15  Accordingly,

16  **IT IS ORDERED** that Plaintiffs' Motion's for Alternative Service of Process,

17  doc. 103, is **DENIED**.

18  **IT IS FURTHER ORDERED** that Plaintiffs must properly serve Defendant

19  Merino with process on or before **Monday, May 9, 2011**, or, alternatively, Plaintiffs must

20  show cause on or before **Monday, May 9, 2011** why Defendant Merino should not be

21  dismissed for failure to serve pursuant to Fed.R.Civ.P. 4(m). While district courts have broad

22

23

24

25

26  / / /

27  / / /

28  / / /

1  discretion to extend time for service under Rule 4(m), "no court has ruled that the discretion

2  is limitless." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007)

3         Dated this 21st day of April, 2011.

Lawrence O. Anderson
United States Magistrate Judge

- 6 -